Filed 8/10/22 In re R.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re R.A., a Person Coming Under the Juvenile Court Law. | C095649 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. No. JD241632) |
| Plaintiff and Respondent, | |
| v. | |
| CARL S., | |
| Defendant and Appellant. | |

Carl S. (father) appeals from the juvenile court's dispositional orders removing toddler R.A. (minor) from parental custody and bypassing father for reunification services. (Welf. & Inst. Code, § 361.5, subd. (b)(16).)[1] Father contends the juvenile

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

court's finding that he was required to register as a sex offender is not supported by substantial evidence and claims the juvenile court erred in finding reunification was not in the minor's best interest. Disagreeing, we affirm the orders.

BACKGROUND

On October 26, 2021, the Sacramento County Department of Child, Family and Adult Services (Department) filed a section 300 petition on behalf of the (then) two-year-old minor alleging the minor was at substantial risk of harm due to mother's untreated substance abuse; he was detained and placed in foster care.

At the time of the minor's detention, father was incarcerated. He reported to the Department that he had been incarcerated for " 'around four months.' "

On December 2, 2021, the Department filed its jurisdiction/disposition report. As relevant here, the report set forth father's criminal record, which extended from 1982 and included a 1983 conviction for sexual battery (Pen. Code, § 243.4), as well as 10 convictions for failing to register as a sex offender (*id.*, § 290). The report noted the Department had requested but not yet obtained a certified record for the 1983 conviction. The Department had tried to locate father on the Megan's Law sex offender registry but could not.

The Department opined there would be "substantial danger to the physical health, safety, and protection or emotional well-being of the" minor if father were given custody. In support of this conclusion, the Department noted father's criminal history and his current incarceration, as well as that father had been an "infrequent presence" in the minor's life and the two shared no bond.

The Department recommended father be bypassed for services because he was incarcerated with no release date (§ 361.5, subd. (e)(1)) and was required to register as a sex offender (§ 361.5, subd. (b)(16)). It opined that services were not in the minor's best interest because--given father's lengthy criminal history and substance abuse problem--

2

no services could render father able to successfully parent the minor within the relevant time period.

At the jurisdiction/disposition hearing, father waived his right to a trial and submitted on the report. He acknowledged the juvenile court would decide whether the allegations in the petition were true based on the information contained in the report. His counsel objected to the Department's recommendation that he be bypassed for services: "My objection is that there is not before you today clear and convincing evidence those sections apply to [father], and we are requesting the Court order reunification services."

Father told the juvenile court that he was in contact with the minor's social worker, and he had sent the minor a gift for Christmas. He said he did not want to lose his child and was willing to change his own life in order to take custody of the minor: "I'm willing to do something because it's not about me."

The juvenile court then explained to father that "the evidence in the report . . . speaks for itself and it isn't rebutted at this point in time." On the basis of the uncontroverted evidence in the report, the court was inclined to adopt the Department's recommendation and bypass father for services. The court invited father to "be heard further" and offered counsel "additional time to speak with [father] or a trial." The court advised father, "I just want to make sure that you realize that at this point the evidence is not contested and it's not controverted, so I would find it to be true that the convictions exist as noted by the Department."

Father's counsel responded: "Well, yes, your Honor. I do understand, except for the evidence I believe is that he's currently in custody for possession, not for the [Pen. Code section] 290 failure to register, which I don't think is a bypassable event. I think it's just the fact that he has to register as to the [§ 361.5, subd.] (b)(16). My argument as to the [§ 361.5, subd.] (e)(1) is that there is not clear and convincing evidence that the Department has done in their investigation what needs to be done in that statute regarding, you know, the facility where he's at and the services that could be offered to

3

him, et cetera. [¶] As far as the [§ 361.5, subd.] (b)(16), my client is -- it's his position that it would be in [the minor's] best interest to provide him with reunification services."

The juvenile court agreed there was insufficient evidence to bypass father for services due to his incarceration (§ 361.5, subd. (e)(1)) but found clear and convincing evidence in support of bypassing father for services due to the sex offender registration requirement (§ 361.5, subd. (b)(16)). The court further found it was not in the minor's best interest to reunify with father, noting father's incarceration as well as his numerous convictions related to substance abuse and failing to register.

Father timely appealed from the order bypassing him for services. The case was assigned to this panel on June 6, 2022, and was fully briefed three days later. Neither party requested oral argument, and the case was deemed submitted on August 5, 2022.

DISCUSSION

Father contends the juvenile court erred because there was insufficient evidence to find he is required to register as a sex offender and, alternatively, there is insufficient evidence it was not in the minor's best interest to reunify with father. We disagree on both points.

When a child is removed from the parent's home, reunification services may be offered to the parent " 'in an effort to eliminate the conditions leading to loss of custody and facilitate reunification of parent and child. This furthers the goal of preservation of family, whenever possible. [Citation.]' [Citations.] Section 361.5, subdivision (b) sets forth certain exceptions—also called reunification bypass provisions—to this 'general mandate of providing reunification services.' " (*In re Allison J.* (2010) 190 Cal.App.4th 1106, 1112.)

Subdivision (b)(16) of section 361.5 provides that reunification services need not be provided to a parent when the juvenile court finds by clear and convincing evidence that the parent "has been required by the court to be registered on a sex offender registry under the federal Adam Walsh Child Protection and Safety Act of 2006 . . . ." This

4

classification includes Penal Code section 290 registrants. (See *In re S.B.* (2013) 222 Cal.App.4th 612, 621.)

An appellate court reviews the juvenile court's findings under section 361.5 for substantial evidence. (*In re G.L.* (2014) 222 Cal.App.4th 1153, 1164.) We presume "in favor of the order, considering the evidence in the light most favorable to the prevailing party, giving the prevailing party the benefit of every reasonable inference and resolving all conflicts in support of the order." (*In re Autumn H.* (1994) 27 Cal.App.4th 567, 576.) We are mindful of the heightened standard required for our review. (See *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 997 ["When reviewing a finding made pursuant to the clear and convincing standard of proof, an appellate court must attune its review for substantial evidence to the heightened degree of certainty required by this standard"], *id.* at p. 1009 ["the question before a court reviewing a finding that a fact has been proved by clear and convincing evidence . . . is whether a reasonable trier of fact could have regarded the evidence as satisfying this standard of proof"].)

As we have described, here the juvenile court considered the report detailing father's criminal history, including a 1983 conviction for sexual battery that resulted in his requirement to register as a sex offender. This requirement was further demonstrated by father's subsequent and numerous convictions for failing to register. (See Pen. Code, §§ 243.4, 290, subd. (c).) The information within the report constituted admissible and competent evidence sufficient to support the finding that father is required to register as a sex offender. (§ 355, subd. (b)(1).)

Although father concedes the evidence was admissible, he now argues it was "unreliable and inadequate" to make the required showing for a variety of reasons. As we have described, father's counsel did not challenge the reliability or the adequacy of the evidence in the juvenile court, only broadly objecting to the application of both subdivisions after submitting on the report. Counsel mentioned the registration requirement without disputing it, although not *explicitly* conceding it, stating when

5

discussing the possession offense for which counsel claimed father was incarcerated: ". . . I don't think [it] is a bypassable event. I think it's just the fact that he has to register as to the [§ 361.5, subd.] (b)(16)[,]" and adding only that "[a]s far as the [§ 361.5, subd.] (b)(16), my client is -- it's his position that it would be in [the minor's] best interest to provide him with reunification services." This is a request for an *exception* to the bypass requirement rather than a claim of inapplicability, as we later explain.

To the extent father's appellate challenges to the reliability of the evidence concern issues that could have and should have been raised below, such as his argument--relying on a typo and corrective annotation within the report--that the list of his criminal offenses is actually mother's record, or the claim that his criminal history as set forth in the report was "likely inadmissible" and "flawed" because there was no information about who gathered the information or how, his failure to raise these objections below precludes him from doing so now. (Evid. Code, § 353.)

To the extent father challenges the Department's failure to produce a certified copy of his conviction for sexual battery and locate his name on the Megan's Law registry, he provides no authority to support his argument that these methods of proof were required. His arguments regarding the lack of evidence of father's registration tier and (lack of) application for removal from the registry similarly fail to persuade, as does his reliance on comments by the juvenile court made prior to its ruling.

Although father claims the juvenile court improperly shifted the burdens of production and proof to him, we disagree. As we detailed above, father submitted to the petition on the report, and the court then explained its position that there was sufficient evidence in the report to find father was required to register as a sex offender. Counsel appeared to acknowledge that fact, and when the time came to assert specific objections to the registration requirement, counsel argued only for the "best interests" exception. The court invited father to challenge or rebut the evidence contained in the report, or to go to trial if he felt the report was inadequate, but father chose not to do so. Rather than

6

burden shifting, this record shows the juvenile court's laudable attempt to keep father apprised of its thought process and decision making, and to give his counsel a chance to seek more time and a more detailed review if counsel felt it necessary.

Reviewing the evidence in a light most favorable to the decision rendered by the juvenile court, as we are required to do, there is substantial evidence to support the court's determination that father was required to register as a sex offender. Given all the facts and circumstances of the report and the hearing, a reasonable trier of fact could have regarded the evidence presented as satisfying the applicable standard of proof by clear and convincing evidence. (See *Conservatorship of O.B., supra*, 9 Cal.5th at p. 1009.)

As for father's remaining argument regarding the minor's best interest, the law requires that if the juvenile court determines section 361.5, subdivision (b) applies at disposition, it must order bypass "unless [it] finds, by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c)(2).) The burden is on the parent to show reunification would serve the best interest of the child. (*In re A.G.* (2012) 207 Cal.App.4th 276, 281.) We review the court's determination of the child's best interest for abuse of discretion. (*In re Ethan N.* (2004) 122 Cal.App.4th 55, 64-65.) We indulge all reasonable inferences to support the juvenile court's decision. (*In re Carlos H.* (2016) 5 Cal.App.5th 861, 866.)

Beyond father's claim to the juvenile court of his dedication to the minor, which we give full credit for purposes of this analysis, the record is devoid of any showing it would be in the minor's best interest to reunify with father. To the contrary, the record demonstrates that father was an "infrequent presence" in the minor's life and they were not bonded. The juvenile court did not abuse its discretion in determining father failed to carry his burden to show reunification was in the minor's best interest.

## DISPOSITION

The juvenile court's orders are affirmed.

$$\underline{\hspace{3cm} /s/ \hspace{3cm}}$$
Duarte, Acting P. J.

We concur:

$$\underline{\hspace{2cm} /s/ \hspace{2cm}}$$
Hoch, J.

$$\underline{\hspace{2cm} /s/ \hspace{2cm}}$$
Earl, J.